IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DAVID ALANIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:23-CV-79 |
| | § | |
| CHUBB LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Chubb Lloyds Insurance Company of Texas ("Chubb") hereby removes the action styled and numbered *David Alanis v. Chubb Lloyds Insurance Company of Texas*, Cause No. C-3005-22-I, pending in the 398th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## I.
## BACKGROUND AND PROCEDURAL HISTORY

1. On August 8, 2022, Plaintiff David Alanis ("Plaintiff") filed his First Amended Original Petition and Request for Disclosures ("First Amended Petition") in the 398th Judicial District Court of Hidalgo County, Texas, Cause No. C-3005-22-I ("State Court Action").[1]

---

[1] *See generally*, Plaintiff's First Amended Petition, attached hereto as **Exhibit B-2**.

2.     Plaintiff's First Amended Petition names Chubb Lloyds Insurance Company as the only Defendant.[2]

3.     Counsel for Defendant agreed to waive service on February 3, 2023 of Plaintiff's First Amended Petition.[3] Defendant has thirty days from the date on which it waived service to remove the action.[4] Defendant thus files this Notice of Removal within the 30-day period required by 28 U.S.C. Section 1446(b)(2)(B).

4.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

## II.
## BASIS FOR REMOVAL

5.     Section 1332(a) permits removal of state court actions to federal district courts where: (1) complete diversity of citizenship exists between the parties; and (2) the amount in controversy exceeds $75,000. This action satisfies both conditions.

**A.   Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.**

6.     Upon information and belief, Plaintiff David Alanis is, and was at the time this lawsuit was filed, an individual who is domiciled and resides in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction.[5]

---

[2] *See id.*

[3] *See generally*, Parties' Rule 11 Agreement, attached hereto as **Exhibit F**.

[4] *See* 28 U.S.C. § 1446(b); *George–Baunchand v. Wells Fargo Home Mortg., Inc.,* Civ. A. No. H–10–3828, 2010 WL 5173004, at *4 (S.D. Tex. Dec.14, 2010).

[5] *See generally*, Plaintiff's First Amended Petition, attached hereto as **Exhibit B-2** at 2-3.

7.  The United States Supreme Court has held that an unincorporated association's citizenship is determined by the citizenship of each of its members.[6] Chubb is, and was at the time this lawsuit was filed, an unincorporated association of underwriters. Chubb's members are as follows:

   a.  Teresa M. Black; resident of and domiciled in New York;

   b.  Justin M. Boardman; resident of and domiciled in New Jersey;

   c.  Caroline J. Clouser; resident of and domiciled in Pennsylvania;

   d.  Steven F. Goldman; resident of and domiciled in New York;

   e.  Paul J. Krump; resident of and domiciled in New Jersey;

   f.  John J. Lupica; resident of and domiciled in Pennsylvania;

   g.  Michelle McLaughlin; resident of and domiciled in New Jersey;

   h.  Ana Robic; resident of and domiciled in New Jersey;

   i.  Jarrod S. Schlesinger; resident of and domiciled in New York;

   j.  Jeffrey A. Updyke; resident of and domiciled in Pennsylvania.

8.  Chubb is thus a citizen of New York, New Jersey, Connecticut, and Pennsylvania for diversity jurisdiction purposes.

9.  Based on the foregoing, there is now, and was at the time this action was filed, complete diversity between Plaintiff and Defendant.

**B.  Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

10.  If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount,

---

[6] *Deep Marine Technology, Inc. v. Conmaco/Rector, L.P.,* 515 F.Supp.2d 760, 766 (S.D. Tex. 2007); *Smith v. Allstate Texas Lloyds,* No. 4:12cv486, 2012 WL 7827609, at *2 (E.D. Tex. Dec. 21, 2012) (recognizing that this has been a consistent view of the United States Supreme Court for over 100 years); *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990).

Defendant's burden is satisfied.[7]

11.     When removal is premised upon diversity jurisdiction and the parties' dispute whether the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[8]

12.     This lawsuit arises out of Plaintiff's claims for coverage under a property insurance policy issued by Defendant for freeze-related damage allegedly sustained by a residential property located in Weslaco, Texas.[9] On or about July 22, 2021, Plaintiff submitted a pre-suit notice/demand letter to Defendant asserting a purported right to recover $103,024.42 in allegedly unpaid policy proceeds, plus statutory interest and attorneys' fees ($7,500.00) for Defendant's alleged violation of Chapter 542 of the Texas Insurance Code.[10]

13.     Consistent with this pre-suit statement, the First Amended Petition filed by Plaintiff alleges a right to recover "monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs."[11] Plaintiff's First Amended Petition also seeks judgment against Defendant for "cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and pre-judgment and post-judgment interest . . ."[12]

14.     Defendant denies the validity and merits of Plaintiff's claims in this action, the legal

---

[7]   *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[8]   *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[9]   *See* Plaintiff's First Amended Petition, attached hereto as **Exhibit B-2** at 3.

[10]  *See* Plaintiff's Pre-Suit Notice/Demand Letter, attached hereto as **Exhibit G**.

[11]  *See* Plaintiff's First Amended Petition, attached hereto as **Exhibit B-2** at 1.

[12]  *See* Plaintiff's First Amended Petition, attached hereto as **Exhibit B-2** at 15.

theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief whatsoever, it is facially apparent that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

### III.
### COMPLIANCE WITH 28 U.S.C. § 1446 AND LR81

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of the 398th Judicial District Court in Hidalgo County, Texas.

16. All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

17. In compliance with Local Rule 81, the following documents are attached:

   A. All executed process in this case, attached as **Exhibit A**;

   B. All pleadings asserting causes of action and answers to such pleadings, attached as **Exhibits B-1 through B-3**;

   C. State Court Docket Sheet, attached as **Exhibit C**;

   D. An index of matters being filed, attached as **Exhibit D**;

   E. List of all counsel of record, attached as **Exhibit E**;

   F. Parties' Rule 11 Agreement, attached as **Exhibit F**; and

   G. Plaintiff's Pre-Suit Notice/Demand Letter dated July 22, 2021, attached as **Exhibit G**.

## V.
## **CONCLUSION**

18. Because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, removal of this action is proper under 28 U.S.C. § 1332(a).

19. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of this Notice of Removal, and Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Chubb Lloyds Insurance Company of Texas hereby provides notice that this action is duly removed from the 398th Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

*[Space left intentionally blank.]*

Respectfully submitted,

By: _/s/ Eric K. Bowers_
     Eric K. Bowers
     Attorney-in-Charge
     Texas Bar No. 24045538
     Southern District Bar No. 658370
     ebowers@zellelaw.com

     **ZELLE LLP**
     901 Main Street, Suite 4000
     Dallas, Texas 75202-3975
     Telephone:   (214) 742-3000
     Facsimile:    (214) 760-8994

     **ATTORNEY-IN-CHARGE FOR DEFENDANT CHUBB LLOYDS INSURANCE COMPANY OF TEXAS**

**OF COUNSEL:**

Amanda L. Rodriguez
Texas Bar No. 24121368
Southern District Bar No. 3738788
arodriguez@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:   (214) 742-3000
Facsimile:    (214) 760-8994

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 6th day of March 2023:

Douglas E. Pennebaker
Texas Bar No. 00788178
Eric A. Quiroz
Texas Bar No. 24090921
**PENNEBAKER LAW FIRM**
A Professional Corporation
4103 Parkdale Street
San Antonio, TX 78229
Telephone: 210-562-2882
Facsimile: 210-562-2880
Doug@pennebakerlaw.com
eric@pennebakerlaw.com

Ezequiel Reyna Jr.
Texas Bar No. 16794798
**LAW OFFICES OF EZEQUIEL REYNA, JR. P.C.**
702 W. Expressway 83, Suite 100
Weslaco, TX 78596
Telephone: 956-968-9556
zeke@zreynalaw.com

*Attorneys for Plaintiff*

          */s/ Eric K. Bowers*
          Eric K. Bowers